OPINION
In 1980, Michael Martin entered guilty pleas in the Cuyahoga County Court of Common Pleas to one count each of rape and kidnapping. The record before us indicates that he was sentenced to two concurrent terms of imprisonment of four to twenty-five years.
In February 1988, Mr. Martin was indicted by a Franklin County grand jury on six counts: felonious assault, two counts of kidnapping, rape, attempted murder and having a weapon while under a disability ("WUD"). All counts carried firearm and prior-offense-of-violence specifications. The latter specifications referred to his prior rape and kidnapping convictions in Cuyahoga County.
The Franklin County indictment arose from events on January 15, 1988 involving Mr. Martin and his then-wife. In addition to striking her and breaking her jaw, Mr. Martin shot her twice during the assault. The offenses occurred on January 15, 1988.
Pursuant to an entry journalized in May 1989, Mr. Martin entered guilty pleas to felonious assault, attempted murder, and the WUD. In addition, he pled guilty to prior-offense-of-violence specification to the felonious assault, and the firearm specification to the murder. The trial court entered nolleprosequis as to the remaining charges. The court sentenced him to nine to fifteen years imprisonment on the felonious assault; five to twenty-five years, plus three actual years for the use of a firearm, on the attempted murder; and, two and one-half to five years on the WUD. The court further ordered that the sentences on the attempted murder and the WUD be served concurrently with each other, but consecutively to the sentence on the felonious assault conviction.
Mr. Martin is currently serving the sentence imposed in 1989 by the Franklin County Court of Common Pleas at the Belmont Correctional Institution.
Pursuant to R.C. Chapter 2950, enacted after Mr. Martin was sent to prison by the Franklin County court below, the Ohio Department of Rehabilitation and Correction ("ODRC") issued a recommendation to the court that appellant be classified as a sexual predator, subject to certain registration and notice requirements.
A judge of the Franklin County Court of Common Pleas conducted a sexual predator hearing in July 1999. Pursuant to an entry journalized July 13, 1999, the court found appellant to be a sexual predator.
Michael Martin (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The trial court lacked jurisdiction to conduct a hearing to determine whether Appellant was a sexual predator.
Appellant's argument that the Franklin County court had no jurisdiction to adjudicate him a sexual predator is twofold. He contends that the court lacked jurisdiction because he was not currently serving a prison sentence for a sexual offense at the time of the predator hearing; and, that the Franklin County court had never convicted him of a sexually oriented offense.
The procedure by which appellant was returned to the Franklin County Court of Common Pleas for a sexual predator determination is governed by R.C. 2950.09(C), which provides:
 (1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the [ODRC] shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the [ODRC] determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section. [Emphasis added.]
R.C. 2950.01(G) sets forth three distinct classifications of offenders who may be "adjudicated as being" sexual predators:
 (1) The offender is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification * * *.
 (2) Regardless of when the sexually oriented offense was committed, on or after the effective date of this section, the offender is sentenced for a sexually oriented offense, and the sentencing judge determines pursuant to division (B) of section 2950.09 of the Revised Code that the offender is a sexual predator.
 (3) Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator. [Emphasis added.]
There is no disagreement that appellant's circumstances fit only the third category, if any. Clearly, the third classification is the only potentially applicable one, as that section speaks directly to offenders convicted and sentenced prior to January 1, 1997.
Appellant's argument begins with the critical premise that the Franklin County Court of Common Pleas never found him guilty of a "sexually oriented offense." He emphasizes that he pled guilty only to felonious assault, attempted murder, and WUD; the rape count was ultimately dismissed as part of the plea agreement. Therefore, only the Cuyahoga County Court of Common Pleas, if any, has the authority to make a sexual predator determination based upon his prior rape convictions there.
The state initially counters that appellant was convicted of a sexually oriented offense in Franklin County. However, the state adds, even if this court finds that appellant was not convicted of a sexually oriented offense, the court below had the authority to make the predator determination. The state interprets the language in the above statute to vest jurisdiction in any court which has sentenced an offender to a term of imprisonment for any offense, sexually oriented or otherwise, so long as the offender is serving a prison term and was convicted of a sexually oriented offense at some prior time. After careful examination of the statute in toto, we cannot agree with the state's construction of the statute.
The facts presented here do not support a finding that appellant was convicted of a sexually oriented offense within the intended meaning of the statute. In fact, the trial judge himself expressed his initial interpretation of the statute as requiring that the offender "had to be present before me on a sexually oriented offense." (Tr. 43.) The record is replete with observations and conclusions by the attorneys and the judge that appellant never pled guilty in Franklin County to an offense of which sexual misconduct is an element.
Notwithstanding the trial judge's reservations about jurisdiction, and over defense counsel's objections, the predator hearing essentially proceeded on the premise advanced by the state on appeal; although appellant was not currently imprisoned for a sexually oriented offense, Franklin County could nonetheless make the predator determination because appellant was currently imprisoned by a Franklin County court and he had been convicted of a sexually oriented offense by a prior court, regardless of when or by what jurisdiction.
 ___________________________ TYACK, J.